# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**ORLANDO HARRIS**                                                                **PLAINTIFF**

**V.**                                          **NO.: 4:20-CV-136-JMV**

**KILOLO KIJAKAZI,**
**Acting Commissioner of Social Security**                          **DEFENDANT**

## FINAL JUDGMENT

This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of a December 11, 2019, final decision of the Acting Commissioner of the Social Security Administration (the "Commissioner") finding that the Plaintiff was not disabled. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit.[1] For the following reasons, the Commissioner's decision is affirmed.

I.     Administrative Proceedings

On August 13, 2018, Plaintiff filed an application for Title II disability insurance benefits (DIB). Tr. 140-41. The agency denied Plaintiff's application initially and upon reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge (the "ALJ"). Tr. 70-73, 78-

---

[1] Judicial review under 42 U.S.C. § 405(g) is limited to two inquiries: (1) whether substantial evidence in the record supports the Commissioner's decision and (2) whether the decision comports with proper legal standards. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389(1971)). "It is more than a mere scintilla, and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citing *Moore v. Sullivan*, 919 F.2d 901, 904 (5th Cir. 1990)). "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings support the decision.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citations omitted). The court must be careful not to "reweigh the evidence or substitute . . . [its] judgment" for that of the ALJ, *see Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

86. The Plaintiff was 46 years old on December 16, 2016, Tr. 140, the alleged onset date of disability, and was 49 years old on December 11, 2019, the date of the ALJ's decision.

After conducting an administrative hearing and considering the record evidence, the ALJ issued a decision dated December 11, 2019, finding that Plaintiff did not meet the Social Security Act's definition of disability and thus was not disabled. Tr. 10-25. The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since December 16, 2016, the alleged disability onset date. Tr. 15, finding no. 2. At step two, the ALJ found that Plaintiff had the severe impairment of degenerative disc disease. Tr. 15, finding no. 3. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 16, finding no. 4. The ALJ found that Plaintiff had the residual functional capacity (the "RFC") to perform sedentary work, except that Plaintiff would need the opportunity to alternate between sitting and standing every half hour. Tr. 16, finding no. 5. The ALJ found at step four that Plaintiff was not able to perform his past relevant work as an industrial cleaner. Tr. 19, finding no. 6. At step five, the ALJ found, that considering Plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that he could perform. Tr. 20, finding no. 10. Accordingly, Plaintiff was found not to be under a disability from the alleged onset date through the date of December 16, 2016, through December 11, 2019, the date of the ALJ's decision. Tr. 21, finding no. 11. The Appeals Council denied review of Plaintiff's request for review by notice dated June 8, 2020, making the ALJ's decision the Commissioner's final administrative decision. Tr. 5-9. Plaintiff now seeks judicial review of the decision pursuant to 42 U.S.C. § 405(g).

II.        Standard of Review, Applicable Regulations, and Burden of Proof

The Commissioner's factual findings shall be conclusive if substantial evidence supports them. 42 U.S.C. § 405(g). Substantial evidence "means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation and internal quotations omitted). The substantial evidence standard has been compared to the deferential clearly erroneous standard. *Id.* (citing *Dickinson v. Zurko*, 527 U.S. 150, 153 (1999)). Under the substantial evidence standard, "[t]he agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (citations and internal quotations omitted).

The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A Plaintiff must prove his disability, as defined by the Act, to be entitled to Social Security disability benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). Moreover, a Plaintiff also bears the burden of showing that any alleged error of law was prejudicial because the Supreme Court has recognized that the doctrine of harmless error applies to administrative determinations, and the Fifth Circuit has specifically held that it will not vacate a judgment unless the substantial rights of a party are affected. *See Shinseki v. Sanders*, 556 U.S. 396, 407-08 (2009); *Jones v. Astrue*, 691 F.3d 730, 734 (5th Cir. 2012); *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).

The new regulations for evaluating medical opinions and prior administrative findings at 20 C.F.R. § 404.1520c apply to this claim filed on or after March 27, 2017. *See* 20 C.F.R.

§ 404.1520c. These revised regulations no longer use the term of art "treating source," instead, they use the phrase "your medical source(s)" to refer to whichever medical sources a Plaintiff chooses to use. See 20 C.F.R. § 404.1520c. Further, in evaluating claims filed March 27, 2017, or later, the agency "will not defer or give any specific evidentiary weight, including controlling weight to any medical opinion(s) or prior administrative medical finding(s), including those from [the Plaintiff's own] medical sources." 20 C.F.R. § 404.1520c(a). While the agency adjudicator – in this case the ALJ – must articulate their consideration of all medical opinions, the regulations governing claims filed on or after March 27, 2017, no longer mandate particularized procedures that the adjudicator must follow in considering opinions from medical sources (e.g., there is no requirement that adjudicators must "give good reasons" for the weight given a treating source opinion). See 20 C.F.R. § 404.1520c. Rather, the adjudicator focuses on the persuasiveness of the medical opinion(s) or prior administrative medical finding(s) of record using the following factors: (1) Supportability; (2) Consistency; (3) Relationship with the Plaintiff (which includes) (i) Length of the treatment relationship; (ii) Frequency of examinations; (iii) Purpose of the treatment relationship; (iv) Extent of the treatment relationship;(v) Examining relationship; (4) Specialization; (5) Other factors. 20 C.F.R. § 404.1520c(a)-(c). In the hearing decision, the ALJ will address the factors of supportability and consistency, which are the two most important factors in determining the persuasiveness of a medical source's medical opinion or a prior administrative medical finding. 20 C.F.R. § 404.1520c(b)(2).

  III. <u>Discussion</u>

Plaintiff, a younger individual at all relevant times, alleges two points of error: (1) The ALJ improperly found that the prior administrative findings by State agency medical consultants ("SAMCs") Glenn James, M.D., and Cherilyn L. Hebert, M.D., were persuasive; and (2) that the

opinion of Plaintiff's doctor, Sheon H. Mendoza, M.D., was unpersuasive. As framed by the Plaintiff, the first issue is: Did the ALJ err when he found the opinion of the State Agency Medical Consultants persuasive when the consultants never had an opportunity to review evidence that is material to the determination of Plaintiff's claim? The Plaintiff argues that the ALJ erred by finding the state agency examiners' opinions persuasive, as they did not have the benefit of material evidence when their opinions were formulated. Tr. 15. Specifically, in this case, the ALJ found persuasive the opinions of Dr. Glenn James., a non-examining physician, who completed a review of the Plaintiff's file on August 28, 2018, Tr. 53, and opined that Plaintiff could occasionally lift and/or carry 20 pounds, frequently lift and/or carry ten (10) pounds and stand and/or walk about six (6) hours in an eight (8) hour day. Tr. 51-53, and Dr. Cherilyn Herbert, a second State agency medical consultant who completed her review of the file and made the same assessment on October 31, 2018. Tr. 62. The Plaintiff argues that because these state agency examiners findings were well-over a year prior to the date the ALJ rendered her decision on December 11, 2019, they necessarily did not have access to all medical evidence that had been generated as of the time of ALJ's decision. In this regard, the Plaintiff argues, correctly, that the non-examining state-agency physicians formulated their opinions without the benefit of Dr. Mendoza's October 28, 2019 opinion and the supporting records in the file from the Aaron Henry Clinic dating from March 13, 2019, to October 28, 2019.

But, as discussed hereafter, the Plaintiff incorrectly argues that merely because the state agency physicians did not have the benefit of the aforementioned material medical evidence, it was necessarily legal error for the ALJ to have found their opinions persuasive, and the case must be remanded. The SAMC findings are not per se inadequate or outdated because of the date they were issued relative to other evidence of record. The mere passage of time does not deprive such

evidence of validity, the proper question is whether the record as a whole supports the opinions or findings in question. *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011); *see also Fogle v. Comm. of Soc. Sec.*, 4:12–CV–325, 2014 WL 106524, at * 4 (E.D. Tex. Jan. 10, 2014); *Garza v. Astrue*, M–09–133, 2013 WL 2432421, at *15 n. 23 (S.D. Tex. Jun. 3, 2013).

As the Commissioner points out, here, the pertinent question is not whether there are later medical assessments not reviewed by state examiners, the issue is whether the SAMC findings are consistent with the evidence received after the opinions in question were issued. *Aldridge v. Berryhill*, 2017 WL 2324828, at *5 (N.D. Miss. 2017) (The ALJ did not err by relying on State agency physician opinions that were consistent with subsequent evidence). In particular, the new regulations cited above direct the ALJ to determine persuasiveness of medical opinion based on certain factors, most important of which are consistency and supportability.

In its brief, the Plaintiff does not appear to expressly argue that the later medical records are inconsistent with prior state agency opinions or otherwise do not support the earlier opinions, only that the state agency opinions can never be persuasive if not inclusive of all the relevant medical evidence. Again, the court finds this is an incorrect statement of the law. Moreover, the Plaintiff overlooks the fact that while the ALJ, indeed, said he found the state agency doctors' opinion persuasive, he actually crafted an RFC considerably more restrictive than the light RFC assigned by the state agency doctors. In this case, the RFC assigned by the ALJ was a reduced sedentary as follows: "the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that the claimant would need the opportunity to alternate between sitting and standing every half hour." Tr. 16. The Plaintiff has not asserted or demonstrated the exertional limitations of this RFC are not supported by substantial evidence and

as the Commissioner points out, with very few exceptions, the RFC actually adopted by the ALJ in this case is reflective of the subsequent medical findings.

In this case, the full evidence of record supports the ALJ's ultimate determination that Plaintiff retained the ability to perform essentially sedentary work activity. Plaintiff's objections as to SAMC findings that were not, in fact, reflected in the ultimate RFC assessment does not establish reversible error.

As the second assignment of error the Plaintiff asserts: the ALJ erred in analyzing Dr. Mendoza's opinion. In particular, the claimant argues that Dr. Mendoza's finding that Plaintiff would need time off task and/or due to absenteeism from the work due to pain was erroneously not included in the RFC and that the ALJ also failed to incorporate a more restrictive postural limitation (rarely stoop).

The record, however, reflects that the ALJ considered Dr. Mendoza's check box opinion and found it was not persuasive, as it was contrary to objective findings documenting only moderate pain, a slumped leaning gait, but with full range of motion of the hips, and no overt pain or tenderness beyond baseline discomfort. Tr. 19. In so doing, the ALJ appropriately applied the factor of supportability. For example, treatment notes show that while Plaintiff has a history of herniated nucleus pulposus, in March 2017, approximately four months after he alleged that he became disabled, Plaintiff underwent a left L4-L5 hemilaminectomy and discectomy performed by Dr. Jimmy D. Miller. Tr. 249, 264, 272, 281, 289, 303, 320, 323, 326, 329. And, while Plaintiff continued to complain of lower back pain with radiation to his hips, buttock, left lower extremity, and left foot, Tr. 320, 326, 329, his post-surgical physical examinations showed five of five strengths in the upper and lower extremities bilaterally, Tr. 244, 305, and his straight leg raise tests in April 2017, May 2017, June 2017, and September 2017, were negative. Tr. 324, 327, 330, 33.

A subsequent MRI of the Plaintiff's lumbar spine taken on May 26, 2017, showed postsurgical changes at L4-L5, no recurrent herniated nucleus pulposus, and central bulge at L3-L4. Tr. 327.

By October 2017, approximately ten months after Plaintiff alleged that he became disabled, it was determined that Plaintiff was at maximum medical improvement. Tr. 17, 235. Plaintiff underwent a functional capacity evaluation at that time, which revealed normal range of motion of the upper and lower extremities, decreased range of motion of his lumbar spine, inconsistent strength during testing, and diminished left lower extremity sensation to the L3-L5 dermatomes. Tr. 237. Plaintiff presented with a negative slump test and straight leg raise test, *see id.*, but, during this functional testing, Plaintiff demonstrated the ability to lift 35 pounds occasionally and 18 pounds frequently from floor to waist, lift 25 pounds occasionally and 13 pounds frequently from waist to eye level, and carry 30 pounds occasionally and 15 pounds frequently two-handed and one handed. Tr. 236. Additionally, Plaintiff demonstrated the ability to frequently sit, stand, work arms overhead while standing, work bent over standing and stooping, work kneeling, work squatting and crouching, and climb stairs. Tr. 236. Plaintiff occasionally performed repetitive squatting, walking, repetitive trunk rotation while sitting, and repetitive trunk rotation while standing, and adequately balance on leveled surfaces. *Id.* Thus, C. Allen Thompson, M.S. determined that Plaintiff could perform work at the light level.

And, while after the March 2017 surgery, Plaintiff continued to complain of lower back pain and to visit the Aaron Henry Community Health Center, on examination he had full range of motion of the lower extremity at the hip with bradykinesia due to fear of pain, but there was no overt pain or tenderness beyond the baseline discomfort. Tr. 357. The ALJ appropriately cited to these findings as unsupportive of the non-exertional and the more restrictive postural limitation on stooping assigned by Dr. Mendoza. In short, the Plaintiff as not demonstrated reversable error in

the evaluation by the ALJ of Dr. Mendoza's opinion or the RFC. Therefore, the decision of the Commissioner is hereby **AFFIRMED**.

       **SO ORDERED AND ADJUDGED** this 14th day of October, 2021.

                                        /s/ Jane M. Virden
                                        **UNITED STATES MAGISTRATE JUDGE**